UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILBERT SMITH, #238564,

    Petitioner,                                       Case No. 21-cv-11562
                                                         HON. BERNARD A. FRIEDMAN

v.

BRAMAN,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**I.**      **Introduction**

Wilbert Smith, ("Petitioner"), confined at the Handlon Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1994 conviction out of the Detroit Recorder's Court for first-degree murder, assault with intent to do great bodily harm, and felony-firearm.

Because Smith's current petition is a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the case is transferred to the United States Court of Appeals for the Sixth Circuit so that petitioner may obtain permission to file a successive habeas petition.

**II.**      **Background**

Petitioner filed a previous habeas petition challenging his 1994 conviction, which was denied on the merits. *Smith v. Withrow,* No. 1:98-00155 (W.D. Mich. Oct. 12, 1999) (Adopting Report and Recommendation of Magistrate Judge); *appeal dism*. No. 99-2240 (6th Cir. Dec. 14, 1999). The Sixth Circuit has since denied Petitioner's request to file a second habeas petition

challenging his conviction. *In Re Smith,* No. 15-1400 (6th Cir. Jan. 20, 2016). Petitioner now renews his request with this Court.

**II.     Analysis**

The Court lacks jurisdiction over petitioner's successive habeas petition. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

Since Petitioner has previously been denied habeas relief on his 1994 convictions, the current petition is a successive habeas petition which requires the Sixth Circuit's authorization. Accordingly,

IT IS ORDERED that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: June 30, 2022  
    Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on June 30, 2022.

**Wilbert Smith #238654**  
RICHARD A. HANDLON CORRECTIONAL FACILITY  
1728 BLUEWATER HIGHWAY  
IONIA, MI 48846

s/Johnetta M. Curry-Williams  
Case Manager